UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PETER MARK COCA,

    Petitioner,

v.

WARDEN BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:20-cv-01494-KJD-DJA

ORDER

In Peter Mark Coca's 28 U.S.C. § 2254 habeas corpus petition he challenges his conviction by guilty plea for several counts, including attempted murder and assault, arguing that his trial counsel was ineffective in several ways. (ECF No. 18.) Respondents move to dismiss the petition. (ECF No. 68.) They have withdrawn their argument that ground 2 is untimely. (ECF No. 74.) They argue that most grounds are procedurally barred from federal habeas review. The Court denies the motion to dismiss and defers a decision on whether several grounds are procedurally defaulted to the merits adjudication.

**I.    Background**

In October 2012, Coca entered a guilty plea in Fourth Judicial District Court (Elko County), Nevada to seven counts of attempted murder and six counts of assault on an officer—all with a deadly weapon. (*See* Exh. 141.)[1] He pleaded guilty to shooting at police officers responding to a domestic disturbance from his roof and hitting one officer who survived. (*See* ECF No. 18 at 2-3.) The state district court sentenced him to what amounted to 23 years to life in prison. (Exh. 141.) Judgment of conviction was entered on December 20, 2012. (*Id.*) An amended judgment of conviction was entered on January 8,

---

[1] Respondents' exhibits referenced in this order are found at ECF Nos. 29-46, 65, and 67. Petitioner's exhibits (Pet. Exh.) are found at ECF Nos. 19-20, and 60.

2014, that corrected the sentence to 20 years to life. (Exh. 176.) Coca appealed and then filed a counseled motion to voluntarily withdraw his appeal. (Exhs. 167, 177, 180.) The Nevada Court of Appeals affirmed the denial of his state postconviction habeas petition in July 2020. (Exh. 285.)

Coca commenced this federal habeas petition about August 2020. (ECF No. 1-1. The court granted his motion for counsel, and the Federal Public Defender filed an amended petition on January 12, 2022. The petition raises three grounds of ineffective assistance of trial counsel in violation of Coca's Fifth, Sixth, and Fourteenth Amendment rights, alleging:

>Ground 1: Trial counsel was ineffective:
>A. for failing to investigate a voluntary intoxication defense;
>B. for failing to investigate an involuntary intoxication defense;
>C. during the plea-bargaining stage; and
>D. for informing Coca that he did not have a viable self-defense claim.
>
>Ground 2: Trial counsel failed to object to the sentencing court's expression of racial animus during sentencing.
>
>Ground 3: Trial counsel failed to object to the excessive restitution ordered by the court.

(ECF No. 18 at 7-19.)

Respondents now move to dismiss the petition because most grounds are procedurally barred. (ECF No. 68.) Coca opposed, and respondents replied. (ECF Nos. 71, 74.)

## II.  The court defers a decision on procedural default to the merits adjudication.

Coca states that, with the exception of ground 1(C), he did not present his federal claims in state court. Therefore the unexhausted claims are technically exhausted but procedurally barred because the state courts would find them procedurally defaulted if he returned to present them to the state courts. *See Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011) ("[I]f a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be procedurally defaulted

unless the petitioner can show cause and prejudice."); *see also Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Coca argues that he can demonstrate cause and prejudice to overcome the procedural bars under *Martinez v. Ryan*. 566 U.S. 1 (2012). (ECF No. 41 at 6-15.) Ineffective assistance of postconviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel. "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (regarding the showing necessary to overcome a procedural default under *Martinez*). Coca asserts that his postconviction counsel was ineffective for failing to raise these claims and that they are substantial. Respondents dispute that Coca's postconviction counsel performed deficiently and that he was prejudiced under *Strickland v. Washington*, 466 U.S. 668 (1984). (ECF No. 74.) Respondents also dispute that the claims are substantial under *Martinez*.

Because the question of procedural default is intertwined with the underlying merits of the claims, full merits briefing may assist the court with its determinations, and best serves judicial efficiency. Therefore, the court defers a decision on whether the claims are procedurally defaulted from federal review to the merits adjudication. The court accordingly denies the motion to dismiss.

### III. Motion to seal

Respondents have also filed a motion for leave to file an exhibit under seal. (ECF No. 66.) Courts favor public access to judicial filings and documents. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). A party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist

where the records may be used for improper purposes. *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598). Here, respondents ask to file Coca's index of exhibits and exhibits to his state postconviction petition under seal because they contain medical records that are confidential under state law. (ECF No. 66.) The court has reviewed the exhibits and concludes that respondents have demonstrated compelling reasons to file them under seal. Accordingly, the motion is granted, and the exhibits will remain under seal.

### IV.     Conclusion

IT IS THEREFORE ORDERED that the motion to dismiss **(ECF No. 68) is DENIED** as set forth in this order.

IT IS FURTHER ORDERED that respondents have 60 days from the date this order is entered within which to file an answer to the amended petition.

IT IS FURTHER ORDERED that petitioner has 45 days following service of respondents' answer in which to file a reply.

IT IS FURTHER ORDERED that respondents' motion for leave to file exhibit under seal **(ECF No. 66) is GRANTED**. The exhibit will remain under seal.

DATED: 2 September 2025.

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE